# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| Raven Morgan, *on behalf of herself and all others similarly situated,* | Civil Action No.: _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Financial Asset Management Systems, Inc., | |
| Defendant. | |

For this Class Action Complaint, the Plaintiff, Raven Morgan, by and through her undersigned counsel, pleading on her own behalf and on behalf of others similarly situated, states as follows:

## JURISDICTION AND VENUE

1. Plaintiff Raven Morgan ("Plaintiff") files this Class Action Complaint ("Complaint") seeking redress for the unlawful, predatory consumer debt collection practices engaged in by the Defendant, Financial Asset Management Systems, Inc. ("FAMS" or "Defendant"). FAMS conducts its debt collection business in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. This court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, since the claims alleged against FAMS arose under the FDCPA.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391, in that a substantial part of the events giving rise to the claim occurred in this District.

## PARTIES

4. Plaintiff is an adult individual residing in Long Beach, New Jersey.

5.     Defendant FAMS is a Georgia business entity with a principal place of business at 665 Molly Lane, Suite 110, Woodstock, Georgia 30189.

## STATEMENT OF FACTS

6.     Plaintiff incurred a debt (the "Debt") to Navient Solutions.

7.     The Debt meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.     Thereafter, Navient Solutions "contracted" with FAMS for FAMS to collect the Debt from Plaintiff.

9.     On June 21, 2018, FAMS sent Plaintiff a letter (the "Letter") in an attempt to collect the Debt.

10.    A copy of the Letter is attached as Exhibit A and incorporated herein by reference.

11.    At the time FAMS sent the Letter, the Debt FAMS was attempting to collect was barred by New Jersey's statute of limitation such that Plaintiff had no legal obligation to pay the Debt.

12.    Nonetheless, the Letter advised Plaintiff that she is "approved for a reduced payoff" of the balance of her Debt, which FAMS characterizes as "a significant savings to you."

13.    The Letter also warns, in an effort to emphasize the purported "savings" being offered to Plaintiff, that "interest, late charges and other charges" are continuing to accrue.

14.    It is misleading for a debt collector to send a dunning letter to a consumer offering a settlement that represents a purported "significant savings" on a time-barred debt.  FAMS's offer of "significant savings" and its warning that "interest, late charges and other charges" are continuing to accrue, implied that the settlement offer FAMS made to Plaintiff was a net positive to Plaintiff and that taking advantage of the offer was preferable to not taking advantage of the

offer and/or ignoring the Letter. However, to the contrary, given that Plaintiff had no legal obligation to pay the Debt at all, the most beneficial option to Plaintiff would be to ignore the Letter altogether; the offer was not in fact a "significant savings" when the alternative would be paying zero dollars towards the Debt with no negative legal repercussions.

15. Moreover, upon information and belief, the agreement that created the Debt did not allow for the imposition of "late charges" in perpetuity, nor did it allow for the imposition of unspecified "other charges" in perpetuity. By threatening that "late charges" and "other charges" would continue to accrue, FAMS is attempting to collect an unauthorized amount in violation of section 1692f of the FDCPA.

16. The Letter is a form letter, substantially similar to thousands of letters (the "Letters") sent to consumers across the country.

17. In each instance, FAMS knows it is collecting a time-barred debt.

18. In each instance, FAMS's goal is to create the false impression amongst consumers that taking advantage of the advertised settlement offer was preferable to ignoring the Letter altogether.

## CLASS ACTION ALLEGATIONS

A. **The Class**

19. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated.

20. Plaintiff represents, and is a member of the following class (the "Class"):

**All natural persons to whom FAMS mailed a letter substantially similar to the Letter sent to Plaintiff, within one year prior to the filing of this action and which was not returned as undeliverable.**

21. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the class members number in the

several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

### B. Numerosity

22. Upon information and belief, Defendant sent Letters substantially similar to the Letter it sent Plaintiff, to thousands of consumers across the country. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

23. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### C. Common Questions of Law and Fact

24. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

   a. Whether Defendant's practice of transmitting communications to consumers in the form of the Letters is false and deceptive, in violation of the FDCPA;

   b. Whether Defendant is permitted to collect "late charges" and "other charges" from Plaintiff and the Class in perpetuity;

   c. Whether Defendant is liable for damages, and the amount of such damages; and

   d. Whether Defendant should be enjoined from such conduct in the future.

25. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant's transmission of the Letters to Plaintiff and numerous other consumers violated the FDCPA, then Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### D. Typicality

26. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### E. Protecting the Interests of the Class Members

27. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

### F. Proceeding Via Class Action is Superior and Advisable

28. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Congress specifically provided, at 15 U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA.

29. Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

30. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

31. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

32. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with

respect to individual class members would be dispositive of the interest of all other class members.

33. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Class.

## COUNT I
## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e

34. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

35. The FDCPA, 15 U.S.C. § 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .

\* \* \* \*

(2)The false representation of—
(A) the character, amount, or legal status of any debt;

\* \* \* \*

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

36. Defendant falsely represented the character, amount and legal status of the debt through its letter in violation of 15 U.S.C. § 1692e(2).

37. The acts and practices complained of in this Complaint constitutes the use of false representations or deceptive means to collect a debt in violation of 15 U.S.C. § 1692e(10).

38. By virtue of the foregoing, Plaintiff is entitled to recover damages as prayed for herein.

## COUNT II
## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692f

39. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

40. The FDCPA, 15 U.S.C. § 1692f provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

41. The acts and practices complained of in this Complaint constitutes unfair and unconscionable means to collect a debt in violation of 15 U.S.C. § 1692f.

42. By virtue of the foregoing, Plaintiff is entitled to recover damages as prayed for herein.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Awarding statutory damages as provided under the FDCPA, pursuant to 15 U.S.C. § 1692k;

2. Awarding reasonable attorney's fees, litigation expenses and costs incurred pursuant to 15 U.S.C. § 1692k(a)(3); and

3. Such other and further relief as the Court deems just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: July 13, 2018

Respectfully submitted,

7

By   /s/ Sofia Balile

Sofia Balile
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff

# EXHIBIT A



CDFAMS06
PO Box 1280
Oaks PA 19456-1280
ADDRESS SERVICE REQUESTED

FINANCIAL ASSET MANAGEMENT SYSTEMS INC
PO BOX 1729  WOODSTOCK, GA  30188-1394
1-866-330-2703
Hours: Mon-Thu 8am to 8pm • Friday 8am to 5pm
Select Sat 8am to 12pm • Sun Closed (All times EST)

06/21/18

Pay Online by Visiting
https:www.famspayonline.net

RAVEN T MORGAN
245 Atlantic Ave
Long Branch NJ 07740-7286

CREDITOR: NAVIENT
FAMS ID NUMBER: 0010322261829
PRINCIPAL: $34,193.69
INTEREST: $23,679.33
TOTAL: $57,873.02

Dear RAVEN T MORGAN:

Your defaulted private credit student loan(s) referenced above has/have been placed with Financial Asset Management Systems, Inc. (FAMS). Navient indicates that your loan has defaulted and has contracted FAMS to work with you to resolve your debt.

Currently, you are approved for a reduced payoff of the balance in the amount of $17,244.51, which is a significant savings to you. You can take advantage of this offer if we receive payment of this amount or if you make a mutually agreed upon payment arrangement within 40 days from the date of this letter. We are not obligated to renew this offer. You also qualify for the Reduced Interest Rate Program.

As of the date of this letter, you owe $57,873.02. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the total shown above, an adjustment may be necessary after we receive your payment. If an adjustment is made, we may attempt to contact you again about the adjustment. For further information, write the undersigned at PO BOX 1729, WOODSTOCK, GA  30188-1394 or call 866-330-2703.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification. If you request in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

Kevin Inches, Vice President of Operations
1-866-330-2703

Calls to and from FAMS may be monitored and/or recorded.
This communication is from a debt collector. This is an attempt to collect a debt.
Any information obtained will be used for that purpose.

SEE REVERSE SIDE FOR IMPORTANT INFORMATION

The law limits how long you can be sued on a debt. Due to the age of your debt, Navient cannot sue you for it, and Navient will not sue you for it even if you make a payment.